# CASES

## ARGUED AND DETERMINED

### IN THE

# COURTS of APPEALS of OHIO

---

CITY OF CINCINNATI v. ROSSITER.

*Municipal corporations—Negligence—Notice of unsafe sidewalk manhole—Misconduct of counsel—Speaking to juror while viewing premises—Admission of evidence over a general objection—Repairs and accidents at same place after plaintiff's injuries.*

1. In an action against a municipality to recover for personal injuries received by falling into a manhole in the sidewalk alleged to be defectively constructed, evidence that the cover to the manhole was too small, was warped, and when stepped upon in a certain place would tilt and jump from its seat, and that the accident happened in such manner, is sufficient to charge the city with notice of such unsafe condition.

2. Counsel for plaintiff in such case, in speaking to one of the jurors concerning the place where the accident happened, while the jurors are viewing the premises, violates Section 11448, General Code, but such violation of itself is not sufficient grounds for discharging the jury and continuing the cause where the evidence fully sustains the charge of negligence on the part of defendant and the conduct complained of did not prejudice the defendant.

3. The admission of evidence over a general objection is not reversible error, on the ground that the evidence so admitted was incompetent, unless no material part of such evidence was admissible for any purpose.

(Decided March 5, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Saul Zielonka,* city solicitor; *Mr. Dennis J. Ryan,* and *Mr. Max M. Schiff,* assistant city solicitors, for plaintiff in error.
*Mr. Theodore Horstman,* for defendant in error.

HAMILTON, J.   Defendant in error, plaintiff below, secured a verdict and judgment in the Court of Common Pleas of Hamilton county against the city of Cincinnati, plaintiff in error here, in the sum of $2,500, for personal injuries received by falling into a manhole, or sewer inlet, located on the north sidewalk of Carplin Place, a public thoroughfare in the city of Cincinnati.

Plaintiff's claim was that she was walking along the sidewalk and was precipitated into the manhole located in the sidewalk in front of the premises known as No. 516 Carplin Place; that the covering of the manhole occupied almost the entire walking space of the sidewalk; and that the lid covering the manhole was negligently secured and improperly fastened, and negligently and improperly maintained by the defendant, with knowledge on its part.

The answer of the city was a general denial, and a charge of contributory negligence.

Three specifications of error are presented by the city:

1. The overruling of the motion to discharge the jury and continue the cause, based on the misconduct of plaintiff, through her attorney, on the view of the premises.

2. The admission of certain testimony.

3. Want of proof of notice.

The accident occurred on the 25th of May, 1917, between four and five o'clock, p. m.

The street and inlet in question were constructed by private parties in 1914, and dedicated to the city in June, 1915, and accepted by the city by ordinance of that date. The city, therefore, had charge of and control over this street, together with the inlets, for about two years preceding the accident.

The charge that the lid was negligently secured, improperly fastened and improperly maintained by the defendant, under this state of the record, would raise the question of defective construction, and the proof sustains that charge.

The evidence was, that the cover was too small, and warped, and when stepped upon in a certain place would tilt and jump from its seat, and that the accident happened in this manner. Under these circumstances, the city would be charged with notice, and no error intervened on the question of notice.

The record discloses that the jury were instructed by the court to view the premises, under the provision of the statute. The jury were given in charge to the court constable, with orders to conduct them to the scene of the accident and point out the premises. Counsel accompanied the jury. Counsel for the plaintiff requested the constable to call the attention of the jury to an inlet cover on the opposite side of the street from that on which the accident occurred, which the constable did. This is one of the things to which counsel for the city make serious objection.

When the jury approached the place of the accident, one of the jurors made the inquiry: "Is

this the place where the accident happened?"
Whereupon, counsel for plaintiff responded: "Yes,
here." This is complained of by counsel for the
city. The whole matter was brought to the atten-
tion of the trial court, who ruled that he failed to
see where there would be any prejudice to the de-
fendant in what took place, and overruled the mo-
tion to dismiss the jury and continue the cause.

Section 11448, General Code, provides:

"If of opinion that it is proper for the jurors
to have a view of property, the subject of litiga-
tion, or of a place where a material fact occurred,
the court may order them to be conducted in a
body under the charge of an officer, to such prop-
erty or place, which shall be shown to them by a
person appointed by the court for that purpose.
While the jurors are thus absent, no person, other
than the persons so appointed, shall speak to them
on any subject connected with the trial."

What took place at the view violates in some de-
gree at least the express terms of the statute. In
such a situation, just what discretion may be
lodged in the trial court has not been discussed,
nor have any authorities been cited. However, in
our view of the case the evidence fully sustains
the charge of negligence on the part of the city,
and the overruling of the motion to dismiss the
jury was not prejudicial to the defendant.

Plaintiff in error complains of the admission of
testimony as to the change or repairs made on
the inlet covering after the plaintiff had sustained
the injuries complained of, and testimony as to
other accidents occurring after the date when the
plaintiff was alleged to have been injured. The
objection to this testimony was a general objec-

tion, and if this evidence was admissible for any purpose, it was admissible as against a general objection. That this evidence was properly admitted as against a general objection is determined in the case of *Kent* v. *State,* 42 Ohio St., 426, where the rule as above stated is announced, as well as the rule as to testimony on subsequent occurrences. On the authority of that case it was not error to admit the testimony complained of. See also cases cited in the case of *Kent* v. *State, supra.*

Finding no prejudicial error in the record, the judgment is affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.